[Civ. No. 19291.   First Dist., Div. Two.   Dec. 20, 1960.]

ELLEN CRONN et al., Respondents, v. ELMER
VACCARI, JR., Appellant.

John A. Putkey for Appellant.

Antonio J. Gaudio for Respondents.

DRAPER, J.—Judgment, entered after nonjury trial, determined defendant to be the father of plaintiff child, and ordered payment of child support. Defendant appeals.

Mrs. Cronn, mother of the child, was married. She and her husband separated in June 1953. The probable date of conception of plaintiff child was February or March 1954. At about that time, Mrs. Cronn's 8-year-old daughter was ill with mumps. During her three weeks of illness, Mr. Cronn visited her five to ten times at Mrs. Cronn's home. The daughter testified that although Mrs. Cronn was present, she was not alone with Mr. Cronn at any of these times. Mrs. Cronn did not secure interlocutory decree of divorce from Mr. Cronn until August 30, 1956. Final decree was entered September 13, 1958. Mrs. Cronn and appellant lived together, save for occasional separations, from January 1954. Appellant admitted having sexual relations with her at about the time of probable conception of the child. After the two ceased living together in 1957, apellant sent Mrs. Cronn several checks on which he had written "for child support."

Defendant's sole contention is that Mr. Cronn must be conclusively presumed to be the father of the child born to Mrs. Cronn before dissolution of the marriage. "[T]he issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate" (Code Civ. Proc., § 1962, subd. 5). Defendant's argument is based wholly upon a number of decisions which broadened the scope of the word "cohabiting" to include "access" or "the reasonable possibility of access." He contends that such reasonable possibility existed in the visits of Mr. Cronn to his wife's home during his daughter's illness.

Since appellant's brief was filed herein, the Supreme Court has disapproved the language relied upon by him in each of the decisions he cites, and that court has established that "cohabiting," as used in section 1962, subdivision 5, means "living together as husband and wife" (*Kusior* v. *Silver*, 54 Cal.2d 603, 616 [7 Cal.Rptr. 129, 354 P.2d 657]).

Here the Cronns had in fact separated well before

the date of probable conception of the plaintiff child. They were not living together as husband and wife at that time. Thus the conclusive presumption did not bar the court's consideration of evidence from which it found that the Cronns did not engage in sexual intercourse after June of 1953. The evidence supports this finding.　　There is ample evidence to overcome the disputable presumption of legitimacy (Code Civ. Proc., § 1963, subd. 31; Civ. Code, § 193), and to sustain the finding that appellant is the father of plaintiff child.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.