## In Re a MINOR CHILD

High Court of American Samoa
Trial Division

JR No. 15-93

May 10, 1993

█

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For the Minor Child and Petitioners, Asaua Fuimaono

This petition to establish the paternity of a minor child came regularly on April 30, 1993 for hearing. The minor child and petitioners AS and LS appeared personally and by counsel. The court, having heard testimony and considered the evidence, finds:

### FINDINGS OF FACT

1. The minor child and petitioners are residents of American Samoa.

2

2. The minor child was born on June 24, 1975 in American Samoa.

3. The minor child's birth certificate, Certificate Number 75671, states that LL is his natural mother and PG is his natural father.

4. On or before March 29, 1993, PG received a copy of the petition for termination of his parental rights based on the minor child's birth certificate, which was also filed in this proceeding, and notice of the hearing on April 30, 1993. On October 10, 1991, he signed an affidavit in California essentially confirming the facts, based on petitioners' testimony, as set forth herein, in particular the total lack of cohabitation and any sexual access between petitioner LS and himself during the period of time when the minor child was conceived.

5. Petitioner LS and LL are the same person. At the time of the minor child's conception and birth, she was married to PG. However, she and PG had not cohabited since 1968. Moreover, he took up permanent residence in California no later than during 1972 and next returned to American Samoa for a brief visit in 1976. She obtained a divorce from PG on the grounds of desertion on September 5, 1975.

6. Petitioners began to cohabit in 1974, more than nine months prior to the minor child's birth. Petitioner LS did not have sexual relations with any other male during the period of time when the minor child was conceived. She is the minor child's natural mother. Petitioner AS is the minor child's natural father.

7. Petitioners married on November 11, 1975 in American Samoa and ever since have been husband and wife.

8. Petitioners have raised the minor child in their household from his birth to the present time.

From the foregoing facts, the court concludes:

## CONCLUSIONS OF LAW

1. Since petitioner LS and PG were not cohabiting when the minor child was conceived, the conclusive presumption at common law that the minor child is the legitimate child of their marriage is inapplicable. *See Hughes v. Hughes*, 271 P.2d 172 (Cal. App. 1954). The disputable presumption of such legitimacy applicable in such circumstances has been clearly overcome by the lack of cohabitation and any sexual access

3

between this married couple at the time of conception. *See Cronn v. Vaccari*, 10 Cal. Rptr. 4 (Cal. App. 1960).

2. In accordance with A.S.C.A. § 42.0501(a), the minor child is petitioners' legitimate, natural son.

3. Pursuant to A.S.C.A. § 42.0501(b), the Registrar of Vital Statistics shall void the minor child's original birth certificate and shall reissue his birth certificate with the correct information on it.